No.  83,938
84,358

STATE OF KANSAS, *Appellee,* v. MISTELLA D. KNEIL, *Appellant.*
(35 P.3d 797)

Opinion filed December 7, 2001.

*Kathryn B. Wall,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellant.

*Boyd K. Isherwood,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: Mistella Kneil appealed the upward durational departure sentence imposed following her plea of guilty to felony theft. The Court of Appeals affirmed in an unpublished opinion. Kneil argued for the first time on a petition for review that her upward departure sentence should be vacated and remanded for resentencing pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). We granted review of the single issue of whether Kneil's sentence may stand following our recent

holding in *Gould.* For the reasons hereinafter set forth, we vacate Kneil's sentence and remand the matter for resentencing.

Kneil pled guilty to one count of felony theft pursuant to K.S.A. 21-3701(a)(1) and (b)(2). The severity level of the crime, combined with Kneil's criminal history score, called for presumptive probation with an underlying sentence of 6 to 8 months. The State agreed to recommend probation, a 6-month underlying sentence, and no restitution.

Prior to sentencing, the trial court gave notice of its intent to impose on its own motion an upward durational departure. The notice listed Kneil's three bond forfeitures, two of which were due to her failure to report and one due to her arrest on charges of shoplifting and criminal trespass. The court also listed as a factor four other charges filed against Kneil in municipal court, including theft and obstruction of legal process, for which arrest warrants were pending because she had failed to appear.

At the sentencing hearing, Kneil argued that in one instance she failed to appear because she was not provided a sign language interpreter at a prior hearing and could not hear the announcement of her court date. Kneil also claimed the trial court was prohibited from relying on uncharged conduct, such as her arrest for shoplifting, as a departure factor. Finally, Kneil argued that "a six to eight month hammer over [her] head is adequate," in essence contending that a presumptive underlying term would be sufficient to ensure her good behavior while on probation.

The trial court rejected Kneil's arguments, reasoning that defendant's hearing loss was not an adequate excuse. It noted that she had failed to appear on three occasions and had similar crimes pending against her in municipal court. While the court believed that the defendant should have an opportunity for community-based supervision, it felt the guidelines sentence did not make that meaningful and enforceable, and it wanted her to know she faced a meaningful prison term if she violated her probation.

The trial court imposed an underlying upward durational departure sentence of 14 months with 24 months' postrelease supervision and placed Kneil on probation for 24 months. Kneil appealed the sentence.

On November 3, 1999, the trial court found Kneil had violated her probation and imposed the underlying upward departure sentence. She appealed her sentence and the revocation of her probation. The cases were consolidated for purposes of appeal. The Court of Appeals upheld both the sentence and the probation revocation in an unpublished opinion. Kneil petitioned this court for review.

We granted Kneil's petition limited to the issue of her underlying durational departure sentence. We ordered the parties to show cause why *Gould* is not controlling on the issue of whether Kneil's underlying upward durational departure sentence is unconstitutional and should be vacated.

Kneil argues that her underlying upward departure sentence must be vacated because this court in *Gould* held that the Kansas scheme for imposing upward departure sentences is unconstitutional on its face and any sentence imposed thereunder is void. The State counters that *Gould* does not apply to void Kneil's sentence because she pled guilty to her crimes and waived the constitutional protections at issue in *Apprendi* and *Gould*.

### Apprendi

Apprendi pled guilty to three crimes involving possession of illegal weapons. The State reserved the right to request an enhanced sentence on one of the counts based on a New Jersey hate crime statute which allowed the court to impose an enhanced sentence if it found, by a preponderance of the evidence, that in committing the crime the defendant acted with a purpose to intimidate on the basis of race or other factors. The court concluded that Apprendi unlawfully possessed the weapon with a purpose to intimidate his victim, who was chosen on the basis of race. The New Jersey court imposed an enhanced sentence.

Apprendi appealed, arguing that the Constitution required the fact that his crime was committed with purpose to intimidate on the basis of race to be proven to a jury beyond a reasonable doubt. 530 U.S. at 471. The United States Supreme Court considered the demands of the Sixth and Fourteenth Amendments and agreed, holding: "Other than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

## Gould

Gould was convicted after a jury trial of three counts of child abuse. The trial court imposed upward durational departure sentences for two of the three convictions. On appeal, Gould argued that K.S.A. 2000 Supp. 21-4716, which authorizes imposition of upward departure sentences, was unconstitutional on its face, rendering her sentences void.

In *Gould*, we began by examining the central holding of *Apprendi*: " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " 271 Kan. at 405-06 (quoting *Apprendi*, 530 U.S. at 490). We then turned to the text of K.S.A. 2000 Supp. 21-4716(a), which provides:

"The sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines for crimes committed on or after July 1, 1993, unless the judge finds substantial and compelling reasons to impose a departure. If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure."

We concluded:

"The district court made findings as to certain aggravating factors which increased Gould's sentence beyond the statutory maximum. The district court, rather than the jury, made these findings as required by K.S.A. 2000 Supp. 21-4716(a). *Apprendi* requires that such findings be made by the jury beyond a reasonable doubt. Because Kansas law authorizing upward departure sentences directly contravenes this requirement, the law is unconstitutional." 271 Kan. at 412.

The State argued that Gould's sentences could withstand the constitutional infirmities of the Kansas scheme for upward departures because one of the factors supporting the upward departure was the fiduciary relationship between Gould and the victims, who were her children. Gould did not dispute the parent-child rela-

tionship; thus, the State reasoned that the matter need not be presented to a jury nor found beyond a reasonable doubt because it was not in question.

We disagreed, stating:

"The State, in essence, urges this court to apply principles of harmless error. This we cannot do. The Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face. Gould received a sentence beyond the statutory maximum based upon a court finding of certain aggravating factors found by a preponderance of the evidence. *Apprendi*, on the other hand, requires 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. Any other procedure 'is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.' 530 U.S. at 497. Gould's sentence was imposed pursuant to an unconstitutional sentencing scheme and cannot stand." 271 Kan. at 413.

## *Analysis*

Kneil argues that her sentence, like Gould's, was imposed pursuant to an unconstitutional sentencing scheme and is void. The plain language of *Gould* suggests this is so. The State distinguishes *Gould* on the basis that Kneil pled guilty, thus waiving her right to a jury trial and, consequently, her right to have a jury determine beyond a reasonable doubt any aggravating factors supporting her departure sentence.

We need not reach the State's arguments because in *Gould* we declared K.S.A. 2000 Supp. 21-4716 relating to imposing upward departure sentences unconstitutional on its face. Further, we rejected the State's invitation in *Gould* to work around the flawed sentencing scheme even though Gould did not dispute the existence of a fact supporting her upward departure sentence. The State extends the same invitation here, but in the instant case we have even less motivation to accept. By entering a plea of guilty to felony theft, Kneil did not admit she was not amenable to probation, nor did she admit any other fact which might support an upward departure sentence. See *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001). The State simply fails to present a valid reason for retreating from our holding in *Gould*.

The Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face. Kneil received an underlying sentence beyond the statutory maximum. Under our holding in *Gould,* her sentence must be vacated.

Kneil's sentence is vacated. The matter is remanded for resentencing.