No. 87,827

STATE OF KANSAS, *Appellee*, v. DENNIS RAY PRUITT, *Appellant*.

60 P.3d 931

Opinion filed January 10, 2003.

*Nathan B. Webb*, assistant appellate defender, argued the cause, and *Steven R. Zinn* and *Randall L. Hodgkinson*, deputy appellate defenders, were on the briefs for appellant.

*Keri A. Kish*, assistant county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: Dennis Ray Pruitt pled no contest to first-degree premeditated murder and aggravated robbery. He appeals his upward durational departure sentence for aggravated robbery imposed under K.S.A. 2001 Supp. 21-4716.

The question before us is whether Pruitt's upward durational departure sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). Our answer is "yes." Pruitt's upward durational departure sentence was imposed under a scheme which has been declared unconstitutional on its face. We vacate Pruitt's sentence for aggravated robbery and remand the case for resentencing within the statutory range. Our jurisdiction is under K.S.A. 22-3601(b)(1) (conviction of an off-grid crime).

## FACTS

This case arises out of the brutal deaths of Shannon Harper and her unborn child. Harper was 9 months' pregnant at the time of her death. Harper was repeatedly stabbed and beaten on the head

with a hammer while being robbed of drugs and money. Pruitt was identified as the assailant.

Pruitt was charged in September 1998 with first-degree premeditated murder or, in the alternative, felony murder; aggravated kidnapping; aggravated robbery; injury to a pregnant woman; aggravated burglary; and criminal possession of a firearm. He agreed to plead no contest to first-degree premeditated murder and aggravated robbery in exchange for dismissal of the remaining charges and the State's agreement not to seek a hard 40 sentence. Pruitt also agreed to the imposition of an upward durational departure sentence of 178 months on the aggravated robbery, to run consecutive to the life term. He stipulated to the existence of substantial and compelling reasons to support the departure. The reasons supporting departure were not specified in the written agreement.

Later, Pruitt decided to withdraw his stipulation as to the existence of substantial and compelling reasons to support the departure. At sentencing, the trial court asked if Pruitt stipulated that the aggravated robbery was committed with excessive brutality and the victim was vulnerable. Pruitt said, "No." The State indicated it was willing to stand by the terms of the original plea agreement. The State asked the trial court to consider the evidence presented at the preliminary examination and Pruitt's written stipulation in evaluating whether there were substantial and compelling reasons to support a departure.

The trial court concluded that the evidence presented at the preliminary examination supported the conclusion that the crime was excessively brutal and the victim, because of her pregnancy, was vulnerable. The trial court sentenced Pruitt to a life term with parole eligibility after 25 years for the murder, to run consecutive to a term of 178 months' imprisonment for the aggravated robbery. Pruitt appeals his aggravated robbery departure sentence.

## DISCUSSION

Pruitt argues that his upward durational departure sentence is unconstitutional under *Apprendi* and *Gould* despite the fact that he pled no contest and stipulated to substantial and compelling

reasons supporting the departure. Pruitt poses a question of law over which we have unlimited review. See *State v. Crow,* 266 Kan. 690, 694, 974 P.2d 100 (1999).

A review of the sentencing transcript reveals that Pruitt did not stipulate to the existence of substantial and compelling reasons supporting an upward durational departure sentence for the aggravated robbery. Instead, the trial court imposed the departure based on substantial and compelling reasons supported by evidence presented at the preliminary hearing. The question becomes whether an upward durational departure sentence following a guilty plea violates *Apprendi* and *Gould.*

In *Apprendi,* the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Gould,* we applied *Apprendi* to the scheme for imposing upward departure sentences under K.S.A. 2001 Supp. 21-4716 and concluded that it was unconstitutional. 271 Kan. at 414.

In *State v. Cody,* 272 Kan. 564, 35 P.3d 800 (2001), and *State v. Kneil,* 272 Kan. 567, 35 P.3d 797 (2001), we held that upward durational departure sentences imposed under K.S.A. 2001 Supp. 21-4716 were unconstitutional despite the fact that defendants pled guilty to the underlying crimes. In *Kneil,* we said:

"[I]n *Gould* we declared K.S.A. 2000 Supp. 21-4716 relating to imposing upward departure sentences unconstitutional on its face. Further, we rejected the State's invitation in *Gould* to work around the flawed sentencing scheme even though Gould did not dispute the existence of a fact supporting her upward departure sentence. The State extends the same invitation here, but in the instant case we have even less motivation to accept. By entering a plea of guilty to felony theft, Kneil did not admit she was not amenable to probation, nor did she admit any other fact which might support an upward departure sentence. [Citation omitted.] The State simply fails to present a valid reason for retreating from our holding in *Gould.*" 272 Kan. at 571.

Pruitt pled no contest to the crime of aggravated robbery but ultimately did not admit that the crime was excessively brutal or that the victim was vulnerable. The facts here are similar to those

in *Kneil.* Pruitt's upward durational departure sentence was imposed under K.S.A. 2001 Supp. 21-4716, a scheme which has been declared unconstitutional on its face. Under *Gould, Cody,* and *Kneil,* Pruitt's sentence for aggravated robbery cannot stand.

The State argues that *Apprendi* and *Gould* had not been decided when Pruitt was sentenced on June 21, 1999; thus, they do not apply to his case. Pruitt filed a timely notice of appeal. For reasons not apparent in the record, appellate counsel was not appointed until August 2001. We granted Pruitt's motion to docket his appeal out of time in October 2001. Pruitt's case was not yet final when *Apprendi* was decided on June 26, 2000; thus, *Apprendi* and *Gould* apply. See *Gould,* 271 Kan. at 414. The State's belated objection to Pruitt's docketing his appeal out of time is similarly without merit.

Pruitt's aggravated robbery sentence is vacated, and the case is remanded for resentencing on his aggravated robbery conviction within the statutory range.