(168 P.3d 56)
No. 97,244

STATE OF KANSAS, *Appellee*, v. MEARL E. WHILLOCK, II, *Appellant*.

—

Opinion filed September 7, 2007.

*J. Patrick Lawless, Jr.*, of Kansas Appellate Defender Office, for appellant.

*Michael C. Hayes*, county attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before GREEN, P.J., ELLIOTT and HILL, JJ.

ELLIOTT, J.: Mearl E. Whillock, II, appeals from the sentence imposed following his no contest plea to a third felony charge of driving under the influence (DUI). We reverse in part, vacate in part, and remand with directions.

Responding to a report of an intoxicated person leaving the Oskaloosa Thiftway in a silver Dodge pickup, a sheriff's officer saw Whillock driving a silver pickup out of the parking lot. Detective Kirk Vernon placed his patrol car in front of Whillock's truck and activated his emergency lights.

Vernon approached the truck and asked Whillock if he had been drinking; Vernon saw a half-empty bottle of raspberry vodka between Whillock's leg and the truck's console. Vernon also observed a 6-year-old child in the truck.

Whillock failed a preliminary breath test and was transported to the sheriff's office where he failed field sobriety tests and consented to a breath test. Whillock's breath alcohol content was .368. Whillock was charged as follows: Count I—felony third DUI; Count II—endangering a child; and Count III—transporting an open container of alcohol.

Pursuant to a plea agreement which is not in the record on appeal, Whillock pled no contest to a third felony DUI. There was some confusion at sentencing. The trial court sentenced Whillock

to 1 year in county jail for the DUI, plus 30 days because of the presence of the minor.

The State noted the additional 30 days came from the requirement of K.S.A. 2006 Supp. 8-1567(h) that Whillock serve a mandatory 30 days in addition to whatever sentence was imposed for the third felony DUI due to the child's presence. Accordingly, the State announced it was dismissing Counts II and III.

After the trial court pronounced a finding of guilt on Counts I and II, the State again clarified Counts II and III were dismissed due to the effect of 8-1567(h). The trial court never acknowledged on the record the conviction would only involve Count I.

On appeal, Whillock claims the additional 30-day sentence enhancement imposed violates his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 413, 23 P.3d 801 (2003), because the fact a child under the age of 14 was in his truck was used to enhance the sentence beyond the statutory maximum but was not proved to a jury beyond a reasonable doubt.

Whillock acknowledges he did not raise the *Apprendi* issue below, but we will address the challenge, as our Supreme Court has previously done in *Gould*, 271 Kan. at 404-05, and *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001).

The present case appears to be the first time our appellate court has been asked to consider the 1-month sentence enhancement provision of K.S.A. 2006 Supp. 8-1567(h). Our review of statutory interpretation is unlimited. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The federal Constitution requires that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. Facts that fall under the *Apprendi* factfinding requirement include all "facts essential to punishment." *Cunningham v. California*, 549 U.S. 270, 166 L. Ed. 2d 856, 874, 127 S. Ct. 856 (2007); see *Gould*, 271 Kan. at 410.

K.S.A. 2006 Supp. 8-1567(f) provides that the sentencing range for the third DUI to which Whillock pled no contest is from a

minimum of 90 days to a maximum of 1 year of imprisonment. The trial court imposed the maximum sentence of 1 year. And because K.S.A. 2006 Supp. 8-1567(h) mandates any "person convicted of violating this section . . . who had a child under the age of 14 years in the vehicle at the time of the offense shall have such person's punishment enhanced by 1 month of imprisonment [which] must be served consecutively to any other penalty imposed," the trial court imposed an additional sentence of 30 days' imprisonment. The trial court could not decide whether to impose 30 days or a month and decided to "call it 30 days."

The sentencing journal entry reflects a sentence of 13 months' imprisonment. Thus, it appears there is no legitimate dispute that the fact a child under age 14 was in Whillock's vehicle when he committed the DUI offense, and this fact increased the penalty for his third DUI beyond the prescribed statutory maximum sentence.

The question, then, becomes whether the increased sentence runs afoul of the constitutional protections found in *Apprendi* and *Gould*.

The State argues that *Apprendi* is not violated because, by his plea, Whillock admitted the presence of the minor child in his vehicle at the time he committed the DUI offense. We disagree. In *State v. Kneil*, 272 Kan. 567, 571, 35 P.3d 797 (2001), our Supreme Court declined the State's invitation to rule that by pleading guilty, the defendant admitted to aggravating sentencing factors; see *State v. Cullen*, 275 Kan. 56, 61-62, 60 P.3d 933 (2003); *State v. Cody*, 272 Kan. 564, 565, 35 P.3d 800 (2001).

In *Blakely v. Washington*, 542 U.S. 296, 310, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), Justice Scalia, speaking for a 5-4 majority, explained:

"[N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. [Citations omitted.] If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do not understand how *Apprendi* can

possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable."

In the present case, we emphasize Whillock pled no contest; he did not plead guilty. A plea of no contest "does not admit the allegations of the charge, but merely says that defendant does not choose to defend." *Federal Deposit Ins. Corp. v. Cloonan*, 165 Kan. 68, 91, 193 P.2d 656 (1948). Whillock neither stipulated to the presence of a child under the age of 14 in his vehicle, nor did he consent to the court finding such a fact.

Because the fact of the child's presence in the vehicle was not proved to a jury beyond a reasonable doubt, Whillock's constitutional rights as recognized in *Apprendi* and *Gould* were violated when the trial court used that fact to increase the maximum 1-year sentence for a third DUI under K.S.A. 2006 Supp. 8-1567(f) by 30 days (1 month) in accordance with K.S.A. 2006 Supp. 8-1567(h). Accordingly, Whillock's sentence must be vacated and the case remanded for resentencing.

Although unconstitutional as applied to Whillock under the facts of this case, we are not ruling K.S.A. 2006 Supp. 8-1567(h) to be facially unconstitutional. A statute is unconstitutional on its face only if "no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 107 S. Ct. 2095 (1987).

Whillock next argues the trial court erred in ordering him to reimburse Board of Indigents' Defense Services (BIDS) for his attorney fees because it failed to consider his ability to pay, the financial burden that payment would impose, and the validity of the fees.

The trial court ordered Whillock to pay court-appointed attorney fees, but it made no findings during sentencing regarding Whillock's ability to pay the fees or the financial burden that payment would impose.

The fact that there may be evidence in the record to support the necessary findings required by K.S.A. 2006 Supp. 22-4513 is inadequate. In *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006), the court concluded that "the sentencing court, at the time

of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision."

Because the trial court did not explicitly consider any of the factors listed in K.S.A. 2006 Supp. 22-4513 in ordering Whillock to pay court-appointed attorney fees, that order is vacated and remanded to consider the issue in accordance with the teachings of *Robinson*.

Whillock also argues the trial court erred in assessing the $100 BIDS application fee in the journal entry of sentencing when the fee was not mentioned at sentencing. The sentencing transcript confirms the trial court did not pronounce as part of Whillock's sentence an order that he pay the BIDS application fee.

Our Supreme Court recently reiterated the longstanding rule that a "criminal sentence is effective upon pronouncement from the bench; it does not derive its effectiveness from the journal entry. A journal entry that imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed." *Abasolo v. State*, 284 Kan. 299, Syl. ¶ 3, 160 P.3d 471 (2007).

In the present case, the record on appeal, which appears representative of the routine in most BIDS cases, does not indicate Whillock was ever ordered or otherwise directed to pay the BIDS application fee to the clerk of the court, either at the time he applied for court-appointed counsel or up to the time of sentencing. Instead, the BIDS application fee appeared for the first time in the journal entry of sentencing. This is improper.

The sentencing journal entry is nothing more than a " 'record of the sentence imposed.' " *Abasolo*, 284 Kan. at 303. The order with respect to the BIDS application fee is reversed.

The enhanced sentence for the third felony DUI is vacated and remanded for resentencing; the BIDS attorney fee order is vacated and remanded for resentencing in accordance with *Robinson*; the BIDS application fee order is reversed.