STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EMANUELU TUNOA, also known as ELU, Defendant-Appellant.
No. 28456.
Intermediate Court of Appeals of Hawaii.
May 30, 2008.
On the briefs:
Shawn A. Luiz for Defendant-Appellant.
Donn Fudo, Deputy Prosecuting Attorney, City & County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
On October 7, 2003, Emanuelu Tunoa, also known as Elu, (Tunoa) was indicted for Assault in the Second Degree for intentionally or knowingly causing substantial bodily injury to Patrick Faapito (Faapito) in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a) (1993), and/or intentionally or knowingly causing bodily injury to Faapito with a dangerous instrument, in violation of HRS § 707-711(d) (1993). Tunoa entered into a plea agreement with the State of Hawai'i (State) and pleaded guilty to the charge on June 5, 2 006. Prior to sentencing, Tunoa moved to withdraw his guilty plea (Motion). The Circuit Court of the First Circuit (circuit court) denied the Motion on February 22, 2007 and sentenced Tunoa to, inter alia, a five-year term of imprisonment pursuant to the plea agreement. Tunoa now appeals from the Judgment of Conviction and Sentence entered on February 22, 2007.[1]
On appeal, Tunoa argues that "[i]t was reversible error for the Trial Court to Deny Tunoa's [Motion]." Tunoa states that he "specifically challenges" the following conclusions of law contained in the March 23, 2007 Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Withdraw Guilty Plea:
6. [Tunoa] has failed to meet his burden of showing that he did not enter his plea knowingly, intelligently and voluntarily. Merino, 81 Hawai'i at 225, 915 P. 2d at 699; Eli v. State, 63 Haw. 474, 630 P.2d 113 (1981).
7. There are no changed circumstances or new information to justify the withdrawal of [Tunoa's] plea. State v. Merino, 81 Hawai'i 198, 223-224 (1996) (citing State v. Gomes, 79 Hawai'i 32, 897 P.2d 959 (1991)). State v. Jim, 58 Haw. 574, 574 P.2d 521 (1978).
After a careful review of the record and the briefs submitted by both parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Tunoa's point of error as follows:
The circuit court did not err in denying the Motion. Tunoa failed to establish that (1) he did not enter his plea knowingly, intelligently or voluntarily, or (2) changed circumstances or new information justified the withdrawal of the plea, and thus he did not demonstrate the existence of a "fair and just" reason for withdrawing the plea. State v. Topasna, 94 Hawai'i 444, 451-52, 16 P.3d 849, 856-57 (App. 2000); State v. Merino, 81 Hawai'i 198, 223, 915 P.2d 672, 697 (1996).
Tunoa states that he presented testimony at the hearing on the Motion which challenged the credibility of Faapito as a witness, and therefore, withdrawal of his plea was justified. However, Tunoa admitted on cross-examination that he was aware of this information before he entered his guilty plea, and accordingly it does not constitute a changed circumstance or new information.
Tunoa suggests that the circuit court erred because Tunoa testified at the hearing on the Motion that the attorney who represented him when he entered his guilty plea was not prepared for trial and pressured him to plead guilty. However, the circuit court expressly found in Finding of Fact No. 5 that "[Tunoa] was provided effective assistance of counsel[,]" and Tunoa has not challenged that finding on appeal. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . that are not challenged on appeal are binding on the appellate court." (citation omitted).
Moreover, the circuit court asked Tunoa at the time of his guilty plea whether he was satisfied with his attorney's representation of him, and Tunoa replied that he was satisfied. See, e.g., United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (The court, in rejecting defendant's claim that his guilty plea was involuntary, noted that " [a]1though [a defendant] can challenge his statement [made to the trial court during colloquy to establish voluntariness of such plea], it is strong evidence of the voluntariness of his plea."). Additionally, even if the attorney erroneously suggested to Tunoa that he could be sentenced as a "three strikes" offender, see 2006 Haw. Sess. L. Act 81, § 1 at 238-39 (requiring a mandatory term of life imprisonment for certain "habitual violent felons"), the circuit court advised Tunoa before he entered his guilty plea that the maximum possible sentence was an extended term of ten years in prison. Thus, Tunoa was under no misapprehension about the possibility of being sentenced as a "three strikes" offender, and the circuit court properly found that his decision to plead guilty was knowing, intelligent, and voluntary.
Tunoa also suggests that the "[t]he court gave him an adhesion term of plea `guilty' rather than choosing between ' guilty' or `no contest' through informed choice." However, this argument is deemed waived on appeal because Tunoa's opening brief contains no reasoning, citations to the record, case law, or authority in support of the argument. See HRAP 28(b)(7) (An appellant's opening brief must contain "citations to the authorities, statutes and parts of the record relied on [,]" and " [p] oints not argued may be deemed waived."); Taomae v. Lincrle, 108 Hawai'i 245, 257, 118 P.3d 1188, 1200 (2005). In any event, this argument is without merit since it was Tunoa's plea agreement with the State, rather than any pressure by the circuit court, that required him to plead guilty rather than no contest. Tunoa signed that plea agreement in court, and he acknowledged in his colloquy with the circuit court that he had not been threatened or coerced to enter his plea and had no questions about the agreement. In these circumstances, his suggestion that the court somehow forced him to plead guilty rather than no contest is without merit.
Finally, Tunoa argues that the decisions by the United States Supreme Court in State v. Maugaotega, ___ U.S. ___, 127 S. Ct. 1210 (2007) and the Hawai'i Supreme Court in State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 56 (2007) constitute changed circumstances or new information justifying the withdrawal of his plea. Although Tunoa argues that he "was not subject to the danger of an enhanced term" as a result of these decisions, in fact he would be subject to an extended term sentence provided the aggravating circumstances were determined by a jury rather than the court. See 2007 Haw. Sess. L., 2d Spec. Sess., Act 001, § 1 (H.B. 2 enacted Oct. 31, 2007) ("The purpose of this Act is to amend Hawai[']i's extended term sentencing statutes to ensure that the procedures used to impose extended terms of imprisonment comply with the requirements set forth by the United States Supreme Court and Hawai V] i supreme court."); State v. Jess, No. 28483, 2008 Haw. LEXIS 72 (Haw. Mar. 31, 2008) (finding that a circuit court may retroactively apply the new statutory amendments and empanel a jury to find the facts necessary to resentence a defendant to an extended term of imprisonment).
Moreover, if Tunoa had rejected the plea agreement, been convicted at trial, and then sentenced by the court to an extended term under the subsequently invalidated sentencing scheme, he would nevertheless still be subject to an extended term under the recently adopted revisions. See 2007 Haw. Sess. L., 2d Spec. Sess., Act 001, § 5 ("A defendant whose extended term of imprisonment is set aside or invalidated shall be resentenced pursuant to this Act upon request of the prosecutor."). In short, Tunoa received precisely the benefit that he bargained for  a promise by the State not to seek an extended term of imprisonment and that benefit was real rather than illusory. Thus, the circuit court did not err in finding that his guilty plea was knowing, intelligent, and voluntary, and no changed circumstances or new information had arisen which would render it "fair and just" to allow him to withdraw the plea.
Accordingly, the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit on February 22, 2007 is hereby affirmed.
NOTES
[1] The Honorable Karl K. Sakamoto presided.