NOT DESIGNATED FOR PUBLICATION

No. 114,934

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN ARTHUR THOMAS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed March 24, 2017. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Barry K. Disney*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON and POWELL, JJ.


ATCHESON, J.: Defendant John Arthur Thomas pleaded no contest in Riley County District Court to three counts of sexual exploitation of a child for possessing child pornography. As part of a plea bargain with the State, which the district court later followed, Thomas agreed to a sentence that included an upward durational departure. On appeal, Thomas contends the sentence is illegal because he was insufficiently informed of his right to have a jury determine the facts supporting the departure and, thus, did not validly waive the right. As a remedy, Thomas says he should be resentenced without the upward departure. Assuming Thomas has properly challenged the sentence as illegal, he

1

has sought an inappropriate remedy and has made no alternative request for what would be the correct remedy—remand to the district court for a jury trial on the factual bases for the enhanced sentence. We, therefore, affirm the sentence the district court imposed.

In February 2015, law enforcement officers had received and begun to investigate information that Thomas sexually abused his grandniece, who was then about 3 years old. The child indicated to investigators that Thomas had shown her a video depicting sexually graphic conduct. The officers obtained a search warrant and seized Thomas' tablet. They found multiple images on the tablet that constituted child pornography violating Kansas law. See K.S.A. 2015 Supp. 21-5510(a)(2).

Thomas, acting through his lawyer, entered into an agreement with the State calling for him to plead to the sexual exploitation charges based on the child pornography. Those are severity level 5 person felonies. Under the agreement, the State would be permitted to file a motion for an upward durational departure doubling the presumptive sentence on one of the counts, which would run consecutively to a guidelines sentence on the second count and concurrently with a guidelines sentence on the last count. The agreement called for Thomas to join in that sentencing recommendation. As recited in the written agreement, the State and Thomas anticipated the agreement would yield a controlling sentence of 100 months in prison, if the district court accepted it. The agreement, among its other terms, included Thomas' waiver of "any appeal regarding the bargained for sentence." The agreement also generally stated that no other charges arising out of "the . . . series of transactions" would be filed against Thomas. We infer that provision encompassed the uncharged sexual abuse of Thomas' grandniece.

During an appearance in the district court in June 2015, Thomas waived a preliminary hearing and entered no-contest pleas to the charges. During the proceeding, the written plea agreement and a written waiver of rights Thomas and his lawyer signed

2

were presented to the district court. The district court asked Thomas if he understood that by entering the no-contest pleas he would be "waiving or giving up . . . your right to a trial by jury." Thomas told the district court that he did. The district court did not specifically address having a jury hear evidence and find facts with respect to the upward durational departure in a sentencing proceeding.

The district court did, however, question Thomas about the voluntariness of his pleas. Thomas told the district court that, apart from the terms of the plea agreement, no promises or threats had been made to him and that he chose to plead no contest freely and voluntarily. The State proffered a factual basis for the child pornography charges that included the grandniece's statement that Thomas had sexually abused her. Later in the proceeding, the State explained that potential trial problems weighed against charging Thomas with abusing his grandniece. The district court accepted Thomas' no-contest pleas on the child pornography charges and adjudged him guilty of those crimes.

In August 2015, the district court sentenced Thomas in conformity with the plea agreement and the State's uncontested motion for an upward durational departure. During the sentencing hearing, the district court neither informed Thomas he had a right to have a jury determine any facts that would support the upward durational departure nor secured a waiver of that right from him. See K.S.A. 2015 Supp. 21-6817(b)(4). Thomas has appealed.

On appeal, Thomas contends the upward durational departure from 34 to 68 months in prison on one of the charges amounts to an illegal sentence. We see no disputed facts bearing on the point; it, therefore, presents a question of law over which we exercise unlimited review. See *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015). Thomas, however, is not entirely clear about the procedural vehicle that brings the issue to our court. He lodged no objection to proceedings or the resulting sentence in the district court. On appeal, Thomas cites K.S.A. 22-3504(1), which

3

provides that a defendant may challenge an illegal sentence at any time. So, he says, the issue can be raised for the first time on appeal. Kansas appellate courts have considered challenges brought under K.S.A. 22-3504(1), even though the defendants had not asserted them in the district court. See *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015); *State v. Moore*, 52 Kan. App. 2d 799, 803, 377 P.3d 1162 (2016).

Thomas builds his argument for an illegal sentence on several premises we sequentially examine. First, he submits that he has a constitutional right to have a jury find the facts necessary to support an upward durational departure. That is correct. *State v. Pruitt*, 275 Kan. 52, 52, 60 P.3d 931 (2003); *State v. Gould*, 271 Kan. 394, 405-06, 410-12, 23 P.3d 801 (2001); *Bennett*, 51 Kan. App. 2d at 362. The right to jury trial protected in the Sixth Amendment to the United States Constitution and the due process protections of the Fourteenth Amendment to the United States Constitution extend to facts used to enhance a sentence beyond the statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Gould*, 271 Kan. at 405-06. The rule of *Apprendi* governs upward durational departures that necessarily extend a criminal defendant's incarceration beyond the presumptive range set in the Kansas Sentencing Guidelines. *Gould*, 271 Kan. at 410-12; *Bennett*, 51 Kan. App. 2d 356, Syl. ¶ 1. The Kansas Legislature codified the right to have a jury determine the facts supporting an upward durational departure in K.S.A. 2015 Supp. 21-6817(b)(2), thereby creating an independent statutory protection for criminal defendants. We read Thomas' brief as invoking both the constitutional and statutory rights.

Next, Thomas submits he did not waive his right to have a jury determine the facts supporting any upward departure. That, too, appears to be correct. To effect a knowing and voluntary waiver of the right to jury trial, a criminal defendant must be informed by the district court of that right and must then clearly and unequivocally give up that right. See *State v. Rizo*, 304 Kan. 974, Syl. ¶ 2, 377 P.3d 419 (2016); *State v. Beaman*, 295 Kan. 853, 858-59, 286 P.3d 876 (2012). The district court does not have to provide an

4

elaborate explanation of the various components of a criminal jury trial, such as the method of selecting jurors or the requirement for a unanimous verdict. See *Rizo*, 304 Kan. at 981. But a generic waiver does *not* encompass the right to have a jury determine the facts supporting an upward durational departure. A defendant must be explicitly informed of that right to effectively waive it. *State v. Duncan*, 291 Kan. 467, 472-73, 243 P.3d 338 (2010); *Bennett*, 51 Kan. App. 2d at 362-63. The language of K.S.A. 2015 Supp. 21-6817(b)(4) seems to contemplate a waiver in conjunction with the sentencing. But we presume a district court could secure a valid waiver from a defendant during a plea colloquy assuming the right were specifically addressed.

The State points out that Thomas waived his right to appeal the sentence as part of the plea agreement. But we doubt a criminal defendant can validly agree to waive an appeal that challenges a sentence on the grounds it is illegal under K.S.A. 22-3504(1). *Cf. State v. Weber*, 297 Kan. 805, 815, 304 P.3d 1262 (2013) (defendant cannot agree to illegal sentence). Accordingly, we put aside the appeal waiver as a bar to Thomas' claim based on K.S.A. 22-3504(1). More broadly, we also doubt a waiver of the right to appeal could prevent a defendant from appealing a sentence violating his or her constitutional rights. Such a sentence would be unlawful or illegal in a general sense. See *Bennett*, 51 Kan. App. 2d at 368-69.

Although K.S.A. 22-3504 does not define an illegal sentence, the Kansas Supreme Court has held that a motion may be brought under the statute only when the sentencing court lacks jurisdiction, a sentence fails to conform to the law either in character or term of punishment, or the sentence is in some material way ambiguous as to how it must be satisfied. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). Here, the district court had jurisdiction, and there is nothing ambiguous about the sentence. Thomas doesn't argue otherwise. So Thomas' position depends upon the character or term of his incarceration as deviating from the law. We assume without deciding that the error

5

affects the term of Thomas' incarceration in that the upward durational departure by design extends the time he will spend in prison.

But the Kansas Supreme Court precludes criminal defendants from using a motion challenging an illegal sentence under K.S.A. 22-3504 to assert constitutional violations. *State v. Dickey*, 305 Kan. 217, Syl. ¶ 1, 380 P.3d 230 (2016). Here that may preclude consideration of Thomas' constitutional claim but not his parallel statutory claim based on K.S.A. 2015 Supp. 21-6817(b)(2). We do not attempt to parse the issue that finely, since the two claims are functionally the same.

Moreover, we recognize that the Kansas Supreme Court considered similar challenges in *Duncan*, 291 Kan. at 470-71, and *State v. Horn*, 291 Kan. 1, 11-12, 238 P.3d 238 (2010), and treated them as appeals of unlawful sentences within K.S.A. 21-4721, the statute then governing appeals from sentencing determinations, because the defendants had not given up their right to have juries find the facts supporting upward durational departures. The court did not treat the claims as having been presented to correct illegal sentences within the scope of K.S.A. 22-3504(1) and didn't mention that statute at all. We, therefore, suppose Thomas could have simply appealed under K.S.A. 2015 Supp. 21-6820, the successor to K.S.A. 21-4721. See *Horn*, 291 Kan. 470-71; K.S.A. 2015 Supp. 21-6820(a) (State or defendant may appeal departure sentence).

We, therefore, find that Thomas did not waive his right to have a jury decide the facts supporting the upward durational departure and assume that the issue is properly before us for review.

Nonetheless, the appeal falters with respect to the remedy Thomas requests, and that is sufficient to affirm the district court's disposition. Citing *Duncan*, Thomas contends we must remand to the district court for resentencing without the upward

durational departure. See 291 Kan. at 473. In other words, Thomas contends the upward durational departure amounts to a legal nullity and cannot be reimposed.

In *Duncan*, the court held that K.S.A. 21-4718, governing how district courts may impose departure sentences, did not permit empaneling a jury for the sole purpose of considering the facts related to an upward departure. So if a defendant had waived a jury trial on liability—guilt or innocence—only a judge could hear evidence and make factual findings on an upward departure. Unless the defendant consented to having a judge make those determinations, his or her constitutional right to jury trial would be violated. *Duncan*, 291 Kan. at 473. Without that consent, an upward durational departure would be unconstitutional and unenforceable. The court, therefore, vacated Duncan's sentence and remanded for resentencing without the upward departure. 291 Kan. at 473.

But Thomas' reliance on *Duncan* is now misplaced when it comes to remedy. After *Duncan* came out, the legislature amended K.S.A. 2015 Supp. 21-6817, the successor to K.S.A. 21-4718, to permit a district court to empanel a jury for the exclusive purpose of hearing evidence and deciding facts regarding a requested upward durational departure. See K.S.A. 2015 Supp. 21-6817(b)(4). The legislature eliminated references to the "trial jury" considering the facts related to an upward departure, which the *Duncan* and *Horn* decisions construed to preclude empaneling a jury for that purpose alone. The statute now refers to a generic jury. The statutory changes in K.S.A. 2015 Supp. 21-6817(b)(4) were fairly pointedly directed at legislatively overruling those decisions. See *State v. Hayden*, 52 Kan. App. 2d 202, 207-08, 364 P.3d 962 (2015); *Bennett*, 51 Kan. App. 2d at 363. We believe the amendments accomplished that purpose. A district court can now empanel a jury to consider an upward durational departure even after a defendant has waived a jury trial to determine his or her guilt on the charged crimes. What Thomas has been deprived of here is that right to have a jury consider the upward durational departure. The appropriate remedy, therefore, would be a remand to the district

7

court to allow Thomas to exercise or waive that right. See *Bennett*, 51 Kan. App. 2d at 369.

But, as we have said, Thomas requests that he be resentenced without the upward departure. That, however, is no longer an appropriate remedy. And he has not requested any alternative relief. We are not disposed to foist on a party some form of relief he or she has not sought on appeal. We accept Thomas' representation as to what he wants from us. It is something to which he has no legal claim. So we won't give him something entirely different instead.

For his other point on appeal, Thomas makes what is commonly known as an *Ivory* claim. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). A criminal defendant argues that the district court's use of his or her past convictions in determining an appropriate sentence impairs his or her constitutional rights because the fact of those convictions has not been proved beyond a reasonable doubt to the jury. The claim is premised on the United States Supreme Court's decision in *Apprendi*, 530 U.S. 466. The Kansas Supreme Court has consistently rejected *Ivory* claims and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *Ivory*, 273 Kan. at 46-48.

The argument is particularly puzzling here because there is no factual predicate upon which to base an *Ivory* claim. Thomas had no criminal history—no convictions whatsoever—so he started out with the lowest presumptive sentence possible under the sentencing guidelines. The district court was not required to affirmatively find Thomas had convictions affecting his presumptive sentence. So Thomas offers neither a factual basis nor a legal basis for any purported relief from a nonexistent criminal history. The point is without merit.

Having considered the issues presented, we find no reason to disturb the sentence the district court imposed on Thomas.

Affirmed.

* * *

POWELL, J., concurring:  I concur with the result.