NOT DESIGNATED FOR PUBLICATION

No. 115,481

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS RAY PRUITT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed March 9, 2018. Reversed, sentence vacated, and case remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, was on the brief for appellant.

No appearance by appellee.

PER CURIAM:  Dennis Ray Pruitt appeals the denial of his motion to correct an illegal sentence in which he challenged the calculation of his criminal history score for an aggravated robbery sentence. Specifically, Pruitt claims that a prior Missouri burglary conviction was erroneously classified as a person felony. We agree. The ruling of the district court is reversed, Pruitt's sentence for aggravated robbery is vacated, and the matter is remanded for resentencing with a criminal history score that reflects the Missouri burglary conviction as a nonperson offense.

1

After pleading nolo contendere to premeditated first-degree murder and aggravated robbery, Pruitt was originally sentenced in 1999 to a life sentence for the murder and a consecutively imposed upward durational departure sentence of 178 months' imprisonment for the aggravated robbery. The departure sentence was vacated on appeal. *State v. Pruitt*, 275 Kan. 52, 60 P.3d 931 (2003). At resentencing, the district court used a criminal history score of C, which included a Missouri burglary conviction classified by the court as a person felony. The resulting sentence was 89 months' imprisonment, consecutive to the life sentence for murder.

In 2015, Pruitt filed a motion to correct an illegal sentence, claiming his criminal history score had been improperly calculated; it should have been an E, based on the Missouri conviction being classified as a nonperson offense. The district court denied the motion. Pruitt timely appealed.

CLASSIFICATION OF MISSOURI BURGLARY CONVICTION AS PERSON OFFENSE

The question presented only affects Pruitt's sentence for the on-grid crime of aggravated robbery, the presumptive sentence for which is to be found in a box on a two-dimensional sentencing grid in the revised Kansas Sentencing Guidelines Act (KSGA). One axis of the grid reflects the defendant's history of prior criminal convictions, with scores ranging from I to A. K.S.A. 1998 Supp. 21-4704 (nondrug offense grid). Person offenses are weighted more heavily than nonperson offenses in the criminal history score calculation. K.S.A. 1998 Supp. 21-4704. For out-of-state convictions, the sentencing court designates the foreign crime as a person or nonperson offense by referring to comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed. If Kansas does not have a comparable offense, the

out-of-state conviction is classified as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3) (the amended version of K.S.A. 1998 Supp. 21-4711[e]). Consequently, the question here is what, if any, Kansas offense in effect when Pruitt committed aggravated robbery was comparable to the Missouri crime of second-degree burglary.

*Standard of Review*

Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review. *State v. Keel*, 302 Kan. 560, 571-72, 357 P.3d 251 (2015).

*Analysis*

Pruitt claims on appeal that his Missouri conviction for second-degree burglary, standing alone, did not establish the elements of the Kansas burglary-of-a-dwelling crime that is classified as a person offense. Therefore, in order to find the Missouri burglary conviction to be comparable to Kansas' person felony burglary, the sentencing court had to engage in judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as well as *Descamps v. United States,* 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

In *State v. Wetrich*, 307 Kan. ___, ___ P.3d ___ (2018) (No. 112,361, this day decided), slip op. at 9, we determined that the question could be resolved as a matter of statutory construction. Specifically, we held that, for an out-of-state conviction to be a comparable offense under the provisions of K.S.A. 2017 Supp. 21-6811(e)(3), and its predecessors, the out-of-state crime had to have elements that were identical to, or narrower than, the elements of the Kansas offense. 307 Kan. at ___ (No. 112,361, this day decided), slip op. at 13. Then, applying the identical-or-narrower elements rule to a

3

Missouri burglary conviction, we held that the out-of-state burglary's inhabitable structure element was broader than the dwelling element of a Kansas person felony burglary; that the Missouri intent element for burglary was broader than the Kansas specific intent element; and that Kansas did not have a comparable offense in effect on the date Wetrich committed the current crime, so that the Missouri burglary conviction had to be classified as a nonperson crime. 307 Kan. at ___ (No. 112,361, this day decided), slip op. at 15-16.

Here, Pruitt's out-of-state conviction was for violating Mo. Rev. Stat. § 569.170 (1986), which defined second-degree burglary as being when a person "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." That Missouri crime suffers from the same overbreadth that existed in *Wetrich*; the inhabitable structure element can be proved by alternative means, other than a dwelling, and the mental state element can be proved by alternative means other than an intent to commit a felony, theft, or sexual battery in the burgled structure. See *Mathis v. United States*, 579 U.S. ____, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016) (distinguishing alternative elements from alternative means or facts). Consequently, the district court should have classified the Missouri burglary as a nonperson offense.

The district court's order denying the motion to correct an illegal sentence is reversed, the sentence for aggravated robbery is vacated, and the matter is remanded to the district court to resentence Pruitt on the aggravated robbery conviction, using a criminal history score that classifies the Missouri burglary conviction as a nonperson offense.

Reversed, sentence vacated, and case remanded with directions.

4