Nos. 83,126
83,686

STATE OF KANSAS, *Appellee*, v. BARRY A. CODY, *Appellant*.

(35 P.3d 800)

Opinion filed December 7, 2001.

*Kathryn B. Wall*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the briefs for appellant.

*Boyd K. Isherwood*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Barry A. Cody, from his sentence after pleading guilty to drug possession charges. In 1999, Cody pled guilty and was sentenced to a controlling term of 72 months' imprisonment. The sentence twice exceeded Cody's base sentence and was therefore illegal. The mistake was caught by the Department of Corrections, which notified the

trial court. The trial court notified the parties that in correcting the illegal sentence it intended to impose an upward durational departure. At the resentencing hearing, the trial court made a durational departure and ordered that Cody serve a controlling sentence of 64 months, doubling the presumptive sentence for the primary offense.

The controlling issue before this court involves *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The Court of Appeals upheld the sentencing court's decision, holding that *Apprendi* did not apply because the primary facts upon which Cody's upward departure sentence was based were proven beyond a reasonable doubt by Cody's admissions and pleas of guilty. *State v. Cody*, 27 Kan. App. 2d 1037, 1038-39, 10 P.3d 789 (2000).

This court granted review and issued an order to show cause why *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), is not controlling.

This case presents the issue of whether the district court's imposition of an upward departure sentence was unconstitutional when Cody pled guilty to criminal charges and the court based its sentence upon Cody's admissions, not upon facts found beyond a reasonable doubt by a jury. The State argues that "the primary facts upon which the departure was based were proven beyond a reasonable doubt by the defendant's admissions and pleas of guilty to various charges." Cody contends, however, that under *Apprendi*, a plea of guilty to the elements of a criminal offense does not constitute either an admission or a waiver of his due process rights. Cody asserts that "the fact that he admitted each of the elements of the offenses is in no way an admission that the sentencing factors used to increase his sentence were proved beyond a reasonable doubt." We agree. See *Apprendi*, 530 U.S. at 476-77, 490; *State v. Kneil*, 272 Kan. 567, 35 P.3d 797 (2001).

The record of the sentencing hearing fails to reveal the precise statute the court relied upon for authority in its upward departure. Both the State and Cody note that K.S.A. 21-4717 lists aggravating factors which may be considered by a court in drug crimes in determining whether to depart. However, it is K.S.A. 2000 Supp. 21-

4716(a) that contains the legislature's grant of authority to allow a sentencing judge to depart from the presumptive sentence. Thus, K.S.A. 2000 Supp. 21-4716 is implicated here. "Interpretation of a statute is a question of law, and our review is unlimited." *Kansas Dept. of SRS v. Paillet*, 270 Kan. 646, 654, 16 P.3d 962 (2001).

In *Gould*, this court held that K.S.A. 2000 Supp. 21-4716 relating to imposing upward departure sentences was unconstitutional on its face. 271 Kan. 394, Syl. ¶ 3. Where an act of the legislature or a portion thereof is clearly unconstitutional, it is the duty of the courts to so declare and to hold the unconstitutional provision or provisions null and void. *State v. Barrett*, 27 Kan. 213, Syl. ¶ 2, (1882). Therefore, we reverse the sentence imposed by the court under K.S.A. 2000 Supp. 21-4716 and remand for resentencing per *Gould*.

Reversed and remanded for resentencing.

ABBOTT, J., concurring: I have not changed my mind from my dissent in *Gould*. I am simply recognizing the fact I have been outvoted by a large majority of the court.