(48 P.3d 678)
No. 87,214

STATE OF KANSAS, *Appellee,* v. LLOYD WAYNE ALLEN, *Appellant.*

Opinion filed June 21, 2002.

*Sarah Ellen Johnson*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Ellen Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before, PIERRON, P.J., GREEN, J., and BUCHELE, S.J.

PIERRON, J.: Lloyd Wayne Allen pled guilty to four counts of aggravated indecent liberties with a child and three counts of criminal sodomy. He was sentenced to 88 months on the primary offense. The sentences on the lesser charges were to run concurrently. The trial court found the primary offense was sexually motivated and departed to a postrelease supervision period of 60 months pursuant to K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i).

Allen argues the sentence imposed in this case constitutes an unconstitutional departure under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). This claim requires an interpretation of 22-3717(d)(1)(D)(i) and is a question of law subject to an unlimited standard of review. See *State v. Jones*, 24 Kan. App. 2d 669, 670, 951 P.2d 1302, *rev. denied* 264 Kan. 823 (1998).

Allen did not object to his sentence to the trial court. Generally, a constitutional challenge will not be entertained for the first time on appeal, but we should consider Allen's claim to prevent a denial of fundamental rights. See *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001).

Allen's primary offense of aggravated indecent liberties with child carries a presumptive postrelease supervision period of 36 months. K.S.A. 2001 Supp. 22-3717(d)(l)(A). K.S.A. 2001 Supp. 22-3717(d)(l)(D)(i) requires a sentencing court to impose the 36-month term unless the court finds substantial and compelling reasons to impose a departure term not to exceed 60 months "based upon a finding that the current crime of conviction was sexually violent or sexually motivated."

Allen pled guilty to aggravated indecent liberties with a child and criminal sodomy for incidents involving sexual intercourse, including vaginal and anal penetration, and oral sex with a 14-year-old female. The trial court found the crimes were sexually motivated and imposed the 60-month term.

Aggravated indecent liberties with a child and criminal sodomy are defined by statute as sexually violent offenses. K.S.A. 2001 Supp. 22-3717(d)(2)(C) and (D). A sexually violent crime is also defined as "any act which at the time of sentencing for the offense has been determined beyond a reasonable doubt to have been sexually motivated." K.S.A. 2001 Supp. 21-3717(d)(2)(L). A sexually motivated crime is one for which one of the purposes is the defendant's sexual gratification. K.S.A. 2001 Supp. 22-3717(d)(2)(L).

We believe this case is generally resolved by *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002).

As stated in Justice Six' opinion in *Anthony*:

"The resolution of Anthony's claim requires our examination of the appropriate sentencing statutes. We begin by observing that postrelease supervision is mandatory. K.S.A. 2001 Supp. 22-3717(d)(1). Postrelease supervision is a component of the underlying prison sentence. An inmate has not served his or her sentence until the postrelease period is complete. K.S.A. 22-3722.

"Because Anthony was convicted of aggravated indecent liberties with a child, a severity level 3 nondrug offense, he was required to serve 36 months on postrelease supervision. K.S.A. 2001 Supp. 22-3717(d)(1) mandates:

'(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity level 1 through 4 crimes . . . must serve 36 months, plus the amount of good time earned and retained pursuant to K.S.A. 21-4722 and amendments thereto, on postrelease supervision.'

"The postrelease supervision period may be extended under certain circumstances. K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) says, in part:

'The sentencing judge shall impose the postrelease supervision period provided in subparagraph (d)(1)(A) [36 months] . . ., unless the judge finds substantial and compelling reasons to impose a departure based upon a finding that the current crime of conviction was sexually violent or sexually motivated. In that event, departure may be imposed to extend the postrelease supervision to a period of up to 60 months.'

"K.S.A. 2001 Supp. 22-3717(d)(2) sets forth the definition of a 'sexually violent crime,' which encompasses a laundry list of offense complete with statutory citations. Anthony's crime of aggravated indecent liberties is on the list and thus fits squarely within the definition of a sexually violent crime. See K.S.A. 2001 Supp. 22-3717(d)(2)(C).

"Anthony contends that the district court here imposed an upward durational departure sentence by subjecting him to the extended postrelease supervision period. We agree. The statutory maximum penalty for Antony's crime includes a 36-month postrelease period. The district court's extension of Anthony's postrelease period from 36 to 60 months increased the penalty for his crime beyond the statutory maximum.

"The question becomes whether the increased postrelease period runs afoul of the protections outlined in *Apprendi* and *Gould.* We conclude that it does not. Here, the district court simply used the fact that Anthony was convicted of aggravated indecent liberties, by definition a sexually violent crime, to impose an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i). In doing so, the court was not required to make an additional finding of fact beyond that made by the jury. Because the fact relied upon to extend the period of postrelease supervision was found by a jury beyond a reasonable doubt, the 60-month postrelease period imposed does not violate *Apprendi* or *Gould.*" 273 Kan. at 729.

In the instant case, the trial court used the "sexually motivated" characterization of K.S.A. 2001 Supp. 22-3717(d)(2)(L), instead of the "sexually violent" characterization of K.S.A. 2001 Supp. 22-3717(d)(2)(C), as a reason to depart. Although aggravated indecent liberties is specifically listed in the statute as a "sexually violent" crime, there is no specific listing of "sexually motivated" crimes in subparagraph (L). However, we have no difficulty in finding that

a "sexually violent" crime is also a "sexually motivated" crime under our statutes.

Therefore, the trial court was within its authority to order 60 months of postrelease supervision, as the pleas of guilty to aggravated indecent liberties and criminal sodomy were obviously pleas of guilty to sexually motivated, or sexually violent, crimes. As such, there was a factual finding in the legal proceeding below which would satisfy the requirements of *Apprendi* and *Gould*.

We do acknowledge that Anthony was convicted by a jury while Allen pled guilty. We also note *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001). In *Cody*, the defendant had pled guilty to multiple drug charges. The trial court made an upward durational departure based generally on reasonable, but unproven, *inferences* from the evidence that Cody was a major drug dealer.

Our Supreme Court rightly found this violated *Apprendi* and *Gould* on the basis that the rather unclear sentencing factors used for the upward departure had not been proven beyond a reasonable doubt simply by the defendant's admitting to the elements of the crime involved.

The instant case is distinguishable. While the trial court in *Cody* had to make inferences from the pleas to reach a finding of factors supporting an upward departure, no such inference is necessary here. The plea to a charge of aggravated indecent liberties is a plea to a crime which is sexually violent and sexually motivated by definition. No inference is necessary. Once the statutory nature of the crime is determined, the provisions of K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) can be applied. There is no need for any evidentiary fact finding by the court, which is prohibited by *Apprendi* and *Gould*.

Affirmed.