(54 P.3d 523)
No. 87,694

STATE OF KANSAS, *Appellee*, v. MICHAEL A. PURCELL, *Appellant*.

Opinion filed September 27, 2002.

*Shawn Minihan*, assistant appellate defender, and *Randall Hodgkinson*, deputy appellate defender, for the appellant.

*Ellen Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, C.J., LEWIS, J., and PADDOCK, S.J.

Lewis, J.: Defendant Michael A. Purcell appeals his sentence as being unconstitutional. Defendant entered his plea of guilty to one count of aggravated indecent liberties with a child and one count of contributing to a child's misconduct. He was sentenced to a presumptive term of 56 months and ordered to complete the Labette Correctional Conservation Camp (LCCC) program. The trial court departed, however, from the presumptive postrelease super-

vision period of 36 months and imposed a postrelease supervision period of 60 months. Defendant was sent to LCCC, failed to complete that program, and was ordered to serve the underlying prison sentence. He appeals from the court's increase of his postrelease supervision period from 36 months to 60 months.

Defendant's plea and sentence was based on a plea agreement between defendant and the State. A portion of that agreement required the State to recommend placement at LCCC. The agreement also provided that both parties agreed to an upward departure on postrelease supervision from 36 to 60 months.

The question is whether the trial court erred in departing from the presumptive postrelease supervision period of 36 months and imposing one of 60 months.

K.S.A. 2001 Supp. 22-3717(d)(1)(A) provides for a presumptive postrelease supervision period of 36 months. Under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i), a postrelease supervision departure may be imposed if the court finds substantial and compelling reasons to impose a departure based upon a finding that the crime of conviction was sexually violent or sexually motivated. In the case of a sexually violent or sexually motivated crime, the trial court is permitted to depart and increase the postrelease supervision period to 60 months.

The authority of the trial court to impose an upward departure sentence has been severely restricted by the decision in *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). In that case, our Supreme Court held that "[a]n upward departure sentence imposed on a defendant by a judge under K.S.A. 2000 Supp. 21-4716 is a violation of the defendant's Sixth Amendment rights and Fourteenth Amendment Due Process rights and, thus, is unconstitutional." 271 Kan. 394, Syl. ¶ 3. The court further noted that the notice and jury trial guarantees of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment require that a factual determination resulting in an increase in the prison sentence beyond the sentence established in the appropriate grid box be made by a jury beyond a reasonable doubt.

First, there is no question that increasing defendant's postrelease supervision period beyond that prescribed by law is an upward

durational departure and implicates *Gould*. The Supreme Court's recent decision in *State v. Anthony*, 273 Kan. 726, 45 P.3d 852 (2002), establishes that an extended postrelease supervision period does increase a defendant's sentence beyond the prescribed statutory maximum and, thus, is controlled by *Gould*.

We next examine whether the fact that defendant pled guilty and agreed to this illegal sentence has any impact on our decision. We hold it does not.

In *State v. Cody*, 272 Kan.564, 565, 35 P.3d 800 (2001), our Supreme Court held as follows:

"This case presents the issue of whether the district court's imposition of an upward departure sentence was unconstitutional when Cody pled guilty to criminal charges and the court based its sentence upon Cody's admissions, not upon facts found beyond a reasonable doubt by a jury. The State argues that 'the primary facts upon which the departure was based were proven beyond a reasonable doubt by the defendant's admissions and pleas of guilty to various charges.' Cody contends, however, that under *Apprendi*, a plea of guilty to the elements of a criminal offense does not constitute either an admission or a waiver of his due process rights. Cody asserts that 'the fact that he admitted each of the elements of the offenses is in no way an admission that the sentencing factors used to increase his sentence were proved beyond a reasonable doubt.' We agree. See *Apprendi*, 530 U.S. at 476-77, 490; *State v. Kneil*, 272 Kan. 567, 35 P.3d 797 (2001), this day decided."

In *State v. Kneil*, 272 Kan. 567, 571, 35 P.3d 797 (2001), which is cited in *Cody*, the court held:

"By entering a plea of guilty to felony theft, Kneil did not admit she was not amenable to probation, nor did she admit any other fact which might support an upward departure sentence. [Citation omitted.] The State simply fails to present a valid reason for retreating from our holding in *Gould*."

We conclude from the cases cited above that the fact that defendant in this case pled guilty does not establish any facts under which the trial court may have imposed an upward departure.

In *State v. McElroy*, 29 Kan. App. 2d 990, 995, 35 P.3d 283, *rev. denied* 273 Kan. 1038 (2002), this court held that

"no error occurs under *Apprendi* [citation omitted] and *Gould* [citation omitted] where a factual determination is used to increase the period of postrelease supervision beyond the prescribed statutory maximum under K.S.A. 1998 Supp. 22-3717(d)(1)(A), *provided that the fact used to exceed the prescribed statutory max-*

*imum has been submitted to a jury and proved beyond a reasonable doubt."* (Emphasis added.)

In *State v. Anthony,* the defendant argued that his postrelease supervision period was increased from 36 to 60 months and that this increase was unconstitutional. The distinguishing feature in *Anthony* is that Anthony was convicted by a jury. The Supreme Court held that the upward departure in *Anthony* was not unconstitutional because he had been tried to a jury, the jury had found him guilty of a sexually violent crime, and under K.S.A. 2001 Supp. 22-3717(d)(2)(C), the facts on which the upward departure was based had been determined by a jury beyond a reasonable doubt. The court went on to say:

> "The question becomes whether the increased postrelease period runs afoul of the protections outlined in *Apprendi* and *Gould.* We conclude that it does not. Here, the district court simply used the fact that Anthony was convicted of aggravated indecent liberties, by definition a sexually violent crime, to impose an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i). In doing so, the court was not required to make an additional finding of fact beyond that made by the jury. Because the fact relied upon to extend the period of postrelease supervision was found by a jury beyond a reasonable doubt, the 60-month postrelease period imposed does not violate *Apprendi* or *Gould.*" 273 Kan. at 729.

In *Anthony,* the court went on to emphasize that a factual determination being used to increase the period of postrelease supervision beyond the prescribed statutory maximum was constitutional, "provided that the facts used to exceed the prescribed statutory maximum has been submitted to a jury and proved beyond a reasonable doubt." 273 Kan. 726, Syl. ¶ 1.

The Supreme Court has made it clear that a plea of guilty does not provide the necessary facts to impose an upward durational departure nor does the fact that a defendant entered into a plea agreement agreeing to an illegal sentence make that sentence legal.

In the instant matter, it is true that defendant pled guilty to a sexually violent crime. However, his plea of guilty did not authorize the court to durationally upward depart on the postrelease supervision period. A factual determination that the crime was one of sexual violence was never submitted to the jury and was never

proven beyond a reasonable doubt. Accordingly, we hold that under the decisions of our Supreme Court cited in this opinion, the trial court could not increase the term of postrelease supervision without submitting the elements on which it based that increase to a jury. *Anthony* is not controlling inasmuch as in that case it was the jury which determined the crime was one of sexual violence and, as a result, the upward departure was constitutional.

We hold the postrelease supervision of defendant's sentence is unconstitutional. We vacate that sentence and remand the matter for resentencing in accordance with the decisions in *Apprendi* and *Gould* and the comments made in this opinion.

Sentence vacated and case remanded for resentencing.

PADDOCK, J., dissenting: I respectfully dissent.

This case is similar to *State v. Allen*, 30 Kan. App. 2d 774, 48 P.3d 678 (2002). As in the instant case, the conviction in *Allen* came after a guilty plea to indecent liberties with a child. Allen received a prison sentence to be followed by an extended postrelease supervision period of 60 months. On appeal, this court affirmed the trial court and distinguished the case from *State v. Cody*, 272 Kan. 564, 35 P.3d 800 (2001). In *Cody*, the trial court's upward durational departure sentence was based on a finding that Cody was involved in major drug activity. The finding was inferred from Cody's guilty plea to multiple drug-related crimes. The Supreme Court remanded for resentencing on the ground that the sentencing factors used to increase Cody's sentence were not proved beyond a reasonable doubt. In other words, the guilty plea to drug-related crimes was not an admission that Cody was involved in major drug activity.

In *Allen*, as in the instant case, no inferences were necessary to support the extended postrelease supervision period. The guilty plea to indecent liberties supported the conviction for that crime. "A plea of guilty entered by a defendant is an admission of the highest order of his participation in the criminal act or acts charged." *Miller v. State*, 200 Kan. 700, 706, 438 P.2d 87 (1968). A conviction of aggravated indecent liberties is by statutory defi-

nition a conviction of a sexually violent and sexually motivated crime. As Judge Pierron pointed out in *Allen*: "Once the statutory nature of the crime is determined, the provisions of K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) can be applied. There is no need for any evidentiary fact finding by the court, which is prohibited by *Apprendi* and *Gould*." 30 Kan. App. 2d at 777.

I agree and would affirm the trial court.