No. 86,514

STATE OF KANSAS, *Appellee*, v. DAVID L. WALKER, *Appellant*.

60 P.3d 937

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 24, 2002. Opinion filed January 10, 2003.

*Peter T. Maharry*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with him on the briefs for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: David L. Walker pled guilty to aggravated indecent liberties with a child and received a presumptive prison term and an extended postrelease supervision term. A divided panel of the Court of Appeals, in an unpublished opinion, vacated the postrelease term. We granted the State's petition for review. See K.S.A. 20-3018(b); Supreme Court Rule 8.03(g) (2002 Kan. Ct. R. Annot. 56).

The question we consider is whether, following a plea of guilty to a sexually violent crime, Walker's extended postrelease supervision period is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). The answer is "no." We reverse the decision of the Court of Appeals vacating and remanding Walker's sentence. We affirm Walker's sentence.

## FACTS

David L. Walker was charged in August 2000 with aggravated indecent liberties with a child after he had sex with his mentally retarded daughter. In exchange for Walker's guilty plea, the State agreed to recommend a presumptive prison sentence and not seek a departure. Walker sought a downward dispositional and durational departure based on his lack of criminal history. The trial court imposed a presumptive prison term of 61 months and a postrelease supervision term of 60 months based on the "nature of the offense."

Walker appealed, arguing that the imposition of an extended postrelease supervision period violated his constitutional rights under *Apprendi* and *Gould.* A majority of the Court of Appeals panel agreed and, in an unpublished opinion, vacated the postrelease term and remanded for resentencing.

## DISCUSSION

The State argues that Walker's extended postrelease period does not violate *Apprendi* and *Gould.* The State raises a question of law over which we have unlimited review. See *State v. Crow,* 266 Kan. 690, 694, 974 P.2d 100 (1999).

Postrelease supervision is mandatory and is a component of the underlying prison sentence. *State v. Anthony,* 273 Kan. 726, 728, 45 P.3d 852, 854 (2002). Because Walker was convicted of aggravated indecent liberties with a child, a severity level 3 crime, he was required to serve 36 months on postrelease supervision. See K.S.A. 2001 Supp. 22-3717(d)(1)(A).

Postrelease supervision may be extended under certain circumstances. K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) says:

"The sentencing judge shall impose the postrelease supervision period provided in subparagraph (d)(1)(A) [36 months], unless the judge finds substantial and compelling reasons to impose a departure based upon a finding that the current crime of conviction was sexually violent or sexually motivated. In that event, departure may be imposed to extend the postrelease supervision to a period of up to 60 months."

"Sexually violent crime" is defined in K.S.A. 2001 Supp. 22-3717(d)(2) to include a number of specific sex crimes, including

aggravated indecent liberties with a child. K.S.A. 2001 Supp. 22-3717(d)(2)(C).

In *Apprendi,* the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Gould,* we applied *Apprendi* to the scheme for imposing upward departure sentences under K.S.A. 2001 Supp. 21-4716 and concluded that it was unconstitutional. 271 Kan. at 414.

In *Anthony,* we held that the trial court's extension of the postrelease supervision period from 36 to 60 months increased the penalty for a crime beyond the statutory maximum, implicating *Apprendi.* We also held in *Anthony* that the increased postrelease supervision period did not offend *Apprendi* or *Gould*:

"Here, the district court simply used the fact that Anthony was convicted of aggravated indecent liberties, by definition a sexually violent crime, to impose an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i). In doing so, the court was not required to make an additional finding of fact beyond that made by the jury. Because the fact relied upon to extend the period of postrelease supervision was found by a jury beyond a reasonable doubt, the 60-month postrelease period does not violate *Apprendi* or *Gould.*" 273 Kan. at 729.

Walker's situation is similar to Anthony's. Both were convicted of aggravated indecent liberties with a child, and both received extended postrelease supervision terms based on the "nature of the offense." Walker argues that the trial court here based its postrelease departure on the fact that the crime was sexually motivated, a fact not admitted by Walker as part of his guilty plea. In *Anthony,* we held that the trial court's "nature of the offense" basis for imposing an extended postrelease period referred to the fact that aggravated indecent liberties with a child is a statutorily defined sexually violent crime. 273 Kan. at 729. There is no reason to conclude otherwise here.

There is one key difference between the facts here and those in *Anthony.* Anthony was convicted by a jury, while Walker pled guilty

to the sexually violent crime. The question becomes whether a guilty plea prevents application of the analysis in *Anthony*.

The Court of Appeals faced this question in *State v. Allen*, 30 Kan. App. 2d 774, 48 P.3d 678 (2002). Allen pled guilty to four counts of aggravated indecent liberties with a child and three counts of criminal sodomy. He received a presumptive prison term and an extended postrelease supervision term under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i), based on the trial court's finding that the crimes were sexually motivated.

The Court of Appeals applied *Anthony* and upheld the extended postrelease supervision period. The *Allen* court noted that while the trial court found Allen's crimes to be sexually motivated, they were also statutorily defined sexually violent crimes under K.S.A. 2001 Supp. 22-3717(d)(2)(C) and (D). Further, the Court of Appeals held that Allen's guilty plea did not change the application of *Anthony* because the trial court was not required to make any further fact-finding beyond the nature and existence of the current crime of conviction.

"The plea to a charge of aggravated indecent liberties is a plea to a crime which is sexually violent and sexually motivated by definition. No inference is necessary. Once the statutory nature of the crime is determined, the provisions of K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) can be applied. There is no need for any evidentiary fact-finding by the court, which is prohibited by *Apprendi* and *Gould*." 30 Kan. App. 2d at 777.

A different, but divided, panel of the Court of Appeals recently arrived at the opposite conclusion in *State v. Purcell*, 30 Kan. App. 2d 1102, 54 P.3d 523 (2002). Purcell pled guilty to aggravated indecent liberties with a child and contributing to a child's misconduct. He received a presumptive prison sentence and an extended postrelease supervision period. The *Purcell* majority refused to apply *Anthony* because Purcell, unlike Anthony, pled guilty to a sexually violent crime. The court concluded:

"In the instant matter, it is true that defendant pled guilty to a sexually violent crime. However, the plea of guilty did not authorize the court to durationally upward depart on the postrelease supervision period. A factual determination that the crime was one of sexual violence was never submitted to the jury and was never proven beyond a reasonable doubt." 30 Kan. App. 2d at 1105-06.

The dissenting judge in *Purcell* relied on *Allen.* 30 Kan. App. 2d at 1106.

Also relevant to our analysis are *State v. Cody,* 272 Kan. 564, 35 P.3d 800 (2001), and *State v. Kneil,* 272 Kan. 567, 35 P.3d 797 (2001). Cody pled guilty to multiple drug crimes and received an upward durational departure sentence. We vacated Cody's sentence, relying on *Gould. Cody,* 272 Kan. at 566. Kneil pled guilty to theft and received an upward durational departure sentence. We vacated Kneil's sentence, reasoning that her sentence, like Cody's, was imposed under an unconstitutional sentencing scheme and was void. *Kneil,* 272 Kan. at 572.

The Court of Appeals in *Allen* considered *Cody* but distinguished it on the basis that Cody's upward durational departure was anchored to the unproven inference that Cody was a major drug dealer, while Allen's extended postrelease supervision was based on the statutory classification of his crime, not a court-made inference. 30 Kan. App. 2d at 277. On the other hand, the Court of Appeals in *Purcell* noted *Cody* and *Kneil* and concluded that "a plea of guilty does not provide the necessary facts to impose an upward durational departure, nor does the fact that a defendant entered into a plea agreement agreeing to an illegal sentence make that sentence legal." 30 Kan. App. 2d at 1105.

*Cody* and *Kneil* are distinguishable. They deal with upward durational departures under K.S.A. 2001 Supp. 21-4716 and K.S.A. 21-4717. The upward durational departure here impacts not the underlying prison term but the postrelease supervision period imposed under K.S.A. 2001 Supp. 22-3717(d)(1). *Gould* declared the upward departure scheme in 21-4716 unconstitutional on its face because the statute provided for imposition of a sentence beyond the statutory maximum based on a court-made fact-finding by a preponderance of the evidence. 271 Kan. at 413. The statute at issue here is different. It provides for imposition of a postrelease term beyond the statutory maximum based on the statutory classification of the current offense and nothing more. K.S.A. 2001 Supp. 22-3717 was not addressed in *Cody* or *Kneil,* and the postrelease issue here is not governed by either of those cases.

The reasoning in *Allen* is persuasive. A plea of guilty to a statutorily defined sexually violent crime provides the basis for an extended postrelease supervision period under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) without resort to the type of court-made fact-findings disapproved by *Apprendi* and *Gould.*

Walker pled guilty to a statutorily defined sexually violent crime. His extended postrelease supervision period imposed under K.S.A. 2001 Supp. 22-3717(d)(1)(D)(i) does not offend *Apprendi* and *Gould.*

The judgment of the Court of Appeals vacating and remanding Walker's sentence is reversed. The judgment of the district court is affirmed.