NOT DESIGNATED FOR PUBLICATION

Nos. 119,715
119,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEROME COOK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 9, 2019. Affirmed in part, sentence vacated, and case remanded with directions.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE, J., and NEIL B. FOTH, District Judge, assigned.

PER CURIAM: Jerome Cook pled guilty to three sexually violent felony crimes in two cases:

- one count of commercial sexual exploitation of a child;
- one count of aggravated human trafficking; and
- one count of aggravated sexual battery.

The district court sentenced Cook to consecutive prison terms for a controlling sentence of 258 months and lifetime postrelease supervision. Cook appeals his sentences,

1

contending his criminal history score was incorrect and the court erred in ordering lifetime postrelease supervision.

The State concedes Cook's criminal history was inaccurately calculated. We agree that there is a sentencing error and vacate his sentences and remand for resentencing. We affirm, however, the court's order of lifetime postrelease supervision.

The presentence investigation report stated Cook's age was 27 and 28 at the time of his offenses and assigned him a criminal history score of H. The reports in each case listed six municipal violations from 2007 to 2016, two of which were for possession of marijuana.

The district court found that Cook's criminal history score was H, and Cook agreed. He also agreed that his convictions each carried a term of lifetime postrelease supervision. In one case, the court sentenced Cook to 38 months' imprisonment for commercial sexual exploitation of a child. In the second case, the court sentenced Cook to the presumptive prison terms of 186 months for aggravated human trafficking and 34 months for aggravated sexual battery. The court ordered consecutive sentences for a controlling prison term of 258 months. The district court found that Cook's crimes were sexually violent and sentenced him to lifetime postrelease supervision on all three.

On appeal, Cook claims that the court improperly considered his municipal ordinance convictions for possession of marijuana in calculating his criminal history score. He contends that the convictions are not weapon violations in "select" class B misdemeanors according to K.S.A. 2018 Supp. 21-6810(b). Cook contends that his sentences must be vacated and remanded for resentencing without considering his municipal convictions in calculating his criminal history score.

The State concedes Cook's municipal convictions for marijuana possession should not have been considered in calculating his criminal history score. Possession of marijuana is not a "select" nonperson class B misdemeanor. Basically, K.S.A. 2018 Supp. 21-6810(b) is a special classification established for weapons that shall be used in calculating an offender's criminal history score. The State also admits that Cook's criminal history score should have been I.

With this concession, we must vacate Cook's sentences and remand to the district court for resentencing with a corrected criminal history score of I.

*The lifetime postrelease supervision order was proper.*

We must deny Cook any relief on the court's order of lifetime postrelease supervision. It is a fundamental sentencing rule that a person is sentenced in accordance with the sentencing provisions in effect when the crime was committed. *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). Cook admits that both K.S.A. 2016 Supp. 22-3717(d)(1)(G) and K.S.A. 2017 Supp. 22-3717(d)(1)(G) apply to his convictions.

Both of these statutes provide that offenders sentenced to prison for a sexually violent crime committed after July 1, 2006, if released from prison, shall be released to a mandatory period of postrelease supervision for "the duration of the person's natural life." K.S.A. 2016 Supp. 22-3717(d)(1)(G); K.S.A. 2017 Supp. 22-3717(d)(1)(G)(i).

In 2016, Cook's crime of conviction—commercial sexual exploitation of a child— was a "sexually violent crime." See K.S.A. 2016 Supp. 22-3717(d)(5)(L). In 2017, "sexually violent crime" included aggravated sexual battery and aggravated human trafficking. See K.S.A. 2017 Supp. 22-3717(d)(5)(I), (K). These are Cook's crimes of conviction in his second case.

Cook does not challenge the district court's findings that his crimes were sexually violent, nor does he argue that his term of postrelease supervision is inappropriate or illegal based on his convictions. Instead, he argues his age was used to enhance his sentence on his term of postrelease supervision and this violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In the alternative, Cook argues that his sentence to lifetime postrelease supervision was a departure that required specific factual findings, which the district court did not make.

The Kansas Supreme Court has already found that the statute permitting the district court to impose an extended period of postrelease supervision once a defendant is convicted of a sexually violent crime does not violate *Apprendi*. See *State v. Walker*, 275 Kan. 46, 51, 60 P.3d 937 (2003).

Cook argues that since postrelease supervision is part of his sentence, his age was used as a "sentence elevating" fact to increase his term to lifetime. He argues this increased his penalty above the statutory maximum. Since his age was determined by the district judge instead of a jury, he argues it violates *Apprendi*. Indeed, the Legislature amended the statute in 2017 to include the requirements that an offender be 18 or older. See K.S.A. 2017 Supp. 22-3717(d)(1)(G)(i).

This argument ignores some fundamental points of law. The "'statutory maximum'" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Then, in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the United States Supreme Court recognized an exception to the *Apprendi* rule when the defendant admits a fact. 543 U.S. at 244. We have admissions by Cook that lead us to conclude that there is no *Apprendi* violation here.

4

The charging documents listed Cook's birth year as 1988 in the captions. At his 2018 sentencing hearing, he would have been about 29 or 30 years old. More importantly, Cook wrote that he was 29 years old on his May 2018 acknowledgment of rights and entry of plea. He then admitted in open court that he was 29 years old at his May 2018 plea hearing.

The record establishes Cook was an adult when he committed his crimes. He admitted his age at his plea hearing, and the district court's finding that he was of age at the time of sentencing did not violate *Apprendi*.

Finally, we reject Cook's claim that these were departure sentences. They were not. Because K.S.A. 2016 and 2017 Supp. 22-3717(d)(1)(G) requires offenders to serve postrelease supervision for the rest of their natural life, a district court need not make findings that there are substantial and compelling reasons to impose the term as part of an offender's sentence.

We affirm Cook's lifetime postrelease supervision. We vacate Cook's sentences and remand with directions to resentence him with the proper criminal history score of I.