NOT DESIGNATED FOR PUBLICATION

No. 120,533

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA LEE HAYNES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 14, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM: Joshua Lee Haynes pled no contest to six counts of sexual exploitation of a child. The court sentenced him to 41 months in prison, lifetime postrelease supervision, and lifetime registration under the Kansas Offender Registration Act (KORA). Haynes appeals, claiming the district court erred (1) by engaging in judicial fact-finding to impose lifetime postrelease supervision and (2) by relying on the victims' ages on the date the images were captured rather than on the date he committed the offenses to impose lifetime registration. Finding no error, we affirm.

1

FACTS

On December 11, 2016, Chatstep.com reported to the National Center for Missing and Exploited Children (NCMEC) that a user with the screenname "pedluv" entered a chatroom entitled "panda" and uploaded an image containing child pornography. The NCMEC referred the complaint to the Wichita Police Department after discovering that the Internet Protocol (IP) address associated with the pedluv username was registered to a Cox Communications customer in Salina, Kansas.

On August 27, 2017, Wichita Police Detective Raymond T. Alverson interviewed the Cox Communications customer about the child pornography incident. That customer told Detective Alverson that during the time period at issue he had two other roommates including Haynes, who currently was sleeping in another room. The customer woke Haynes up and brought him to the living room. Detective Alverson advised Haynes he was investigating a child pornography incident and asked permission to look through Haynes' cell phone. Haynes initially was reluctant but eventually agreed and, after unlocking the phone, gave the phone to Detective Alverson. Detective Alverson observed the "Kik" application icon on the phone. When Alverson launched the Kik application, he discovered numerous images of child pornography. A later search conducted pursuant to a warrant revealed at least 275 images and at least 40 videos of child pornography on Haynes' cell phone.

On May 16, 2018, the State charged Haynes with six counts of sexual exploitation of a child. The complaint identified Haynes as the defendant and listed his year of birth as 1984 and a partial Social Security number. The complaint did not allege Haynes was over the age of 18.

On July 18, 2018, Haynes waived his right to a preliminary hearing, and the district court bound him over for trial. Haynes eventually agreed to plead no contest to all

2

six counts. On July 31, 2018, Haynes signed a plea agreement in which, among other things, he acknowledged that he was born in 1984 and that, by pleading no contest, he understood that he was waiving certain rights, including the right to a trial by jury. At his plea hearing held a few weeks later, Haynes again confirmed that he was born in 1984. At that hearing, the district court reviewed with Haynes the various rights that he was giving up by pleading no contest and confirmed with Haynes that he understood the implications of his pleas and was doing so knowingly and voluntarily. After this colloquy, the court accepted Haynes' pleas of no contest and found him guilty on all six counts. The district court reviewed the KORA registration requirements to verify that Haynes knew he would be required to register as a sex offender for life.

Going into the sentencing hearing, both Haynes and the State expected his criminal history score to be an H, which would have placed him in the "border box" of the sentencing grid. But after reviewing the presentence investigation report, the district court informed Haynes at the sentencing hearing that his criminal history score actually was a G, which made the sentence presumptive prison. After speaking with his attorney, Haynes agreed to move forward with sentencing without objecting to the new criminal history score. Haynes did, however, argue for a downward dispositional departure. In support of this request, Haynes noted that, although there was a presumption of prison under the guidelines based on the severity of his crimes and his criminal history score, the State was still willing to stick with their border box recommendation for probation if suitable evaluation and treatment was obtained. Haynes also noted the availability of appropriate treatment programs in the area. Notwithstanding Haynes' argument, the district court denied the motion and sentenced Haynes to a total of 41 months in prison, lifetime postrelease supervision, and lifetime sex offender registration.

3

ANALYSIS

*Lifetime postrelease supervision*

Haynes argues the district court engaged in improper judicial fact-finding under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his age to enhance his sentence of postrelease supervision from a term of months to lifetime without proving his age to a jury beyond a reasonable doubt.

A person must be sentenced in accordance with the sentencing provisions in effect when the crime was committed. *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). In the complaint, Haynes was alleged to have committed his crimes on August 29, 2017, so it was the newly amended version of K.S.A. 2017 Supp. 22-3717(d)(1)(G) that applied to his convictions. See L. 2017, ch. 62, § 10. This subsection of the statute provides:

> "(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, *or persons subject to subparagraph (G)*, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:
>
> . . . .
>
> "(G)(i) Except as provided in subsection (u), persons sentenced to imprisonment for a sexually violent crime committed on or after July 1, 2006, *when the offender was 18 years of age or older*, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.
>
> "(ii) Persons sentenced to imprisonment for a sexually violent crime committed on or after the effective date of this act, *when the offender was under 18 years of age*, and who are released from prison, shall be released to a mandatory period of postrelease supervision for 60 months, plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2017 Supp. 21-6821, and amendments thereto." (Emphases added). K.S.A. 2017 Supp. 22-3717(d)(1)(G).

4

In 2017, Haynes' crimes of conviction—sexual exploitation of a child—was statutorily defined as a "sexually violent crime" for purposes of imposing postrelease supervision. See K.S.A. 2017 Supp. 22-3717(d)(5)(H). The Kansas Supreme Court has held that a plea of guilty to a statutorily defined sexually violent crime provides a lawful basis to impose an extended postrelease supervision period without resort to the type of court-made factual findings disapproved by *Apprendi* and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). *State v. Walker*, 275 Kan. 46, 51, 60 P.3d 937 (2003). But it appears Haynes does not challenge the district court's findings that his crimes were sexually violent, nor does he argue that his extended term of postrelease supervision is inappropriate or illegal based on the fact that his crimes of conviction were for sexually violent crimes. Instead, he argues the extension of his postrelease supervision based on his age (him being 18 years or older) violates *Apprendi* because his age was not an element of the crime to which he pled no contest and instead was a finding of fact made by the district judge instead of a jury. We are not persuaded by Haynes' argument.

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). And the year after *Blakely* was decided, the United States Supreme Court expressly recognized an exception to the *Apprendi* rule when the defendant admits a fact. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (fact established by guilty plea).

The record in this case reflects that Haynes formally acknowledged his age to the district court on numerous occasions throughout the proceedings, which necessarily renders the fact that he was at least 18 years old when he committed the crimes at issue

here, a factual admission that does not come within the protection of the *Apprendi* rule. Haynes admitted in the May 24, 2018 financial affidavit he signed and submitted to the court that he was born on December 31, 1984. In the tender of plea document he signed on July 31, 2018, Haynes admitted to the court that he was "32 years of age with a date of birth 12-31-1984." At the August 17, 2018 plea hearing, the following colloquy took place between the district court and Haynes:

> "Q. Mr. Haynes, I've received the Tender of Plea in 18 CR 404, this indicates you are 32 years of age and have completed 12 years of school, is that correct?
> "A. "Yes, sir."

Finally, in a September 14, 2018 forensic interview conducted by an independent therapist to assist the parties in sentencing recommendations, where the therapist explained to Haynes the limits of confidentiality, the therapist documents in the report she submitted to the district court that Haynes admitted he was 33 years old. Given Haynes' repeated admissions throughout the proceedings that he was at least 18 years old when he committed the crimes of conviction, the district court's finding that he was did not violate *Apprendi*. See *Booker*, 543 U.S. at 244 (exception to *Apprendi* rule when defendant admits fact).

To the extent that Haynes argues that lifetime postrelease supervision was a departure sentence, we also are unpersuaded. K.S.A. 2017 Supp. 22-3717(d)(1)(G) is a statute within the Kansas Code of Criminal Procedure and requires offenders to serve postrelease supervision for the rest of their natural life if certain statutory criteria are met; therefore, the district court is not required to find substantial and compelling reasons to impose the term as part of an offender's sentence.

*Lifetime registration*

Haynes argues the district court erred when it used the victims' ages on the date that the images were captured, rather than on the date he was found to have possessed the images, to determine his registration period under KORA. Resolving this issue requires interpretation and application of KORA. Statutory interpretation presents a question of law over which appellate courts exercise unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be ascertained. *State v. LaPointe*, 309 Kan. 299, 314, 434 P.3d 850 (2019). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. See *State v. Ayers*, 309 Kan. 162, 163-64, 432 P.3d 663 (2019). Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Pulliam*, 308 Kan. 1354, 1364, 430 P.3d 39 (2018). But when an appellate court construes a statute, it must consider the various provisions of an act in pari materia, with a view toward reconciling and bringing the provisions into workable harmony if possible. Further, courts must construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation. *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015).

Under KORA, the registration requirements for an offender sentenced to prison upon a conviction for sexual exploitation of a child under K.S.A. 2017 Supp. 21-5510 vary depending on the age of the victim. If the child victim is *14 or more years of age*, the district court must order the offender to register for 25 years upon parole, discharge, or release. K.S.A. 2017 Supp. 22-4906(b)(1)(G).  If the child victim is less than 14 years

of age, the court must order the offender to register for the duration of the offender's lifetime upon parole, discharge, or release. K.S.A. 2017 Supp. 22-4906(d)(7).

There is no language in the KORA provisions cited above to support Haynes' claim that it is the victim's age at the time an offender commits the crime of sexual exploitation of a child that must be used to determine the applicable period of offender registration. And adopting Haynes' position would be inconsistent with the statutory elements of the underlying crime and impossible to administer under KORA.

Both of the KORA provisions cited above specifically refer to K.S.A. 2017 Supp. 21-5510, which, relevant here, defines sexual exploitation of a child as "possessing any visual depiction of a child under 18 years of age shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender or any other person." K.S.A. 2017 Supp. 21-5510(a)(2). Implicit within the definition of the crime is that the victim is the *child* who is visually depicted at the time the depiction is created. Possessing the depiction *of a child* engaged in sexually explicit conduct is the criminal act. Adopting Haynes' position and using the age of the victim on the date the offender is charged with possession necessarily begs the question of whether a crime is even committed under K.S.A. 2017 Supp. 21-5510, which sets forth the elements of sexual exploitation of a *child*, when there is no child victim. This is an absurd result. To the contrary, the fact that the child victim who is shown in the visual depiction possessed by the offender reached the age of majority at the time of the offense is a fact completely immaterial to proving the elements of the underlying crime and, in turn, completely immaterial to deciding the age of the child victim for purposes of imposing the applicable period of offender registration.

In sum, we find Haynes' position on this issue is unreasonable and without any support in the law. And even if he had found some sort of legal support, we further find the process for calculating the victim's age for purposes of registration would be

8

impossible to administer. In this particular case, the record reflects Haynes possessed 275 images and at least 40 videos of child pornography on his cell phone. The State was able to obtain victim impact statements for some of these victims through the NCMEC. But what of the offender who possesses visual depictions of infants or toddlers or elementary school children shown or heard engaging in sexually explicit conduct who cannot be identified to determine their age on the date the offender is charged with possession?

For the reasons stated above, we find no error in the district court's decision to use the victims' ages on the date that the visual depictions were made, rather than on the date Haynes was found to have possessed the images, to determine his registration period under KORA.

Affirmed.