NOT DESIGNATED FOR PUBLICATION

No. 123,428

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DESIDERIO MENDOZA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed December 10, 2021. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Desiderio Mendoza appeals his sentence following his no-contest plea to one count each of aggravated criminal sodomy and rape. The district court sentenced him to 310 months' imprisonment with lifetime postrelease supervision. Mendoza raises only one issue on appeal, claiming the district court engaged in judicial fact-finding to extend his postrelease supervision period, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). For the reasons stated in this opinion, we reject Mendoza's claim and affirm the district court's judgment.

1

On April 8, 2019, the State charged Mendoza with one count of aggravated indecent liberties with a child, an off-grid felony, one count of aggravated criminal sodomy, a severity level 1 person felony, and one count of aggravated indecent liberties with a child, a severity level 4 person felony, for crimes he committed against his then 13-year-old victim. The facts supporting the charges are not relevant to this appeal.

On July 5, 2019, the district court held a preliminary hearing. After the victim testified, the State amended the charges to include one count of rape, a severity level 1 person felony, and several additional sexually violent crimes. Also, at the hearing, the State proffered, and Mendoza stipulated, that he was over the age of 18.

On February 3, 2020, Mendoza signed a written plea agreement, in which he agreed to plead no contest to one count each of aggravated criminal sodomy and rape, severity level 1 person felonies. Each count alleged that the crimes occurred between September 2015 and February 2016. In exchange for his plea, the State agreed to dismiss the remaining charges. In the plea agreement, Mendoza acknowledged that by pleading no contest, he was waiving certain legal rights, including his right to a jury trial on the charges. The plea agreement also attested that he was 40 years old. The plea agreement stated that Mendoza was subject to the maximum sentence of 230 months' imprisonment and lifetime postrelease supervision for each offense.

At the hearing to enter his plea, the judge asked if Mendoza understood what he was charged with and what the possible penalties were, and Mendoza said that he did. The judge also discussed Mendoza's right to trial with him saying, "You understand that you have an absolute right to a trial by jury?" Mendoza answered in the affirmative. The judge asked, "Do you understand that at a trial the State would have to prove you guilty beyond a reasonable doubt?" Again, Mendoza answered yes. And finally, the judge

asked, "Do you understand that by pleading no contest here today you'll be giving up the rights that you and I just talked about and there'll be no trial?" Mendoza said yes. Mendoza pled no contest to aggravated criminal sodomy and rape. After the State recited its factual basis, the district court found that Mendoza knowingly, freely, voluntarily, and intelligently waived his constitutional rights and accepted the no-contest plea.

On October 22, 2020, the district court sentenced Mendoza to consecutive sentences of 155 months' imprisonment for each count, for a controlling sentence of 310 months' imprisonment with lifetime postrelease supervision. Mendoza timely appealed the district court's judgment.

ANALYSIS

On appeal, Mendoza challenges only his lifetime postrelease supervision term, claiming the district court engaged in judicial fact-finding to extend his postrelease supervision period in violation of *Apprendi*. The district court ordered lifetime postrelease supervision because Mendoza pled no contest and was convicted of two sexually violent crimes. Before 2017, K.S.A. 22-3717(d)(1)(G) required lifetime postrelease supervision for a defendant convicted of any sexually violent crime. In 2017, the statute was amended to require lifetime postrelease supervision for sexually violent crimes when the defendant is 18 years or older when the crime was committed.

Mendoza argues the statutory amendment was in response to our Supreme Court's decision in *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), which held mandatory lifetime postrelease supervision for juveniles is unconstitutional because it amounts to cruel and unusual punishment. Mendoza asserts that although he committed his crimes before the statutory amendment was enacted, there is still a constitutional requirement that an offender must be 18 years or older for the district court to impose lifetime postrelease supervision. Mendoza argues that *Apprendi* requires this fact to be proven to a

3

jury beyond a reasonable doubt. Because there was no jury finding that Mendoza was 18 years or older when he committed his crimes and he did not knowingly waive his right for a jury to make this finding for sentencing purposes, Mendoza argues that this court must vacate the lifetime postrelease order and remand for resentencing.

The State argues that Mendoza never contested and affirmatively acknowledged that he was an adult over the age of 18 and therefore his claim has no merit. The State also argues that even if the district court erroneously found that Mendoza was over the age of 18, it amounted to a harmless error.

Whether a district court violated a defendant's constitutional rights as described under *Apprendi* at sentencing raises a question of law subject to unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017). Mendoza correctly asserts this court can consider his claim for the first time on appeal because it involves a question of law based on undisputed facts. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In *Apprendi*, the United States Supreme Court said: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court later expanded the *Apprendi* rule in *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), by holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."

Generally, a person must be sentenced by the sentencing provisions in effect when the crime is committed. *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018). Mendoza committed his crimes between September 2015 and February 2016, so K.S.A. 2015 Supp. 22-3717 applied to his convictions. The relevant subsections of the statute provide:

"(d)(1) Persons sentenced for crimes, other than off-grid crimes, committed on or after July 1, 1993, or persons subject to subparagraph (G), will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 1 through 4 crimes . . . must serve 36 months on postrelease supervision.

. . . .

(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2015 Supp. 22-3717(d)(1)(A) and (G).

Effective July 1, 2017, after Mendoza committed his crimes, K.S.A. 22-3717(d)(1)(G) was amended to require lifetime postrelease supervision for a defendant convicted of a sexually violent crime committed on or after July 1, 2006, when the offender was 18 or older when the crime was committed. If the defendant was under 18 when the sexually violent crime was committed, the postrelease supervision term is 60 months. K.S.A. 2017 Supp. 22-3717(d)(1)(G).

The Kansas Supreme Court has held that a plea of guilty to a statutorily defined sexually violent crime provides a lawful basis to impose an extended postrelease supervision period without resort to the type of court-made factual findings disapproved by *Apprendi*. See *State v. Walker*, 275 Kan. 46, 51, 60 P.3d 937 (2003). Mendoza's crimes of conviction—rape and aggravated criminal sodomy—were statutorily defined as "'sexually violent crime[s]'" for imposing postrelease supervision. See K.S.A. 2015 Supp. 22-3717(d)(5)(A), (E). Mendoza does not challenge the district court's findings that his crimes were sexually violent. Instead, he argues the district court improperly determined he was 18 years or older to enhance his postrelease supervision from a term of months to lifetime without either proving his age to a jury beyond a reasonable doubt or obtaining a waiver from him relinquishing this claimed right.

5

Mendoza argues that even though the 2015 version of the statute that he was sentenced under does not require a finding that he was over 18 to impose lifetime supervision, the Eighth Amendment to the United States Constitution and settled caselaw required it. Mendoza cites *Dull* as authority for this proposition. In that case, Dull was charged, convicted, and sentenced to 45 months' imprisonment with lifetime postrelease supervision after he pled guilty to aggravated indecent liberties with a child, a crime he committed when he was 17 years old. Our Supreme Court vacated the mandatory postrelease supervision portion of Dull's sentence holding that mandatory lifetime postrelease supervision for juveniles is cruel and unusual punishment. 302 Kan. at 61.

Based on *Dull*, Mendoza asserts there is a constitutional requirement that an offender must be 18 years old or older for the district court to impose lifetime postrelease supervision. To be clear, Mendoza does not claim he was a juvenile when he committed his crimes. But he argues that *Apprendi* requires his age to be proven to a jury beyond a reasonable doubt before the district court can order lifetime postrelease supervision. Mendoza correctly argues that his no-contest plea was not a waiver of this claimed requirement because the plea only covered the charged crimes and Mendoza's age was not an element of the charged crimes. Mendoza also argues that he did not knowingly waive his claimed right under *Apprendi* for a jury to find he was 18 or older for sentencing purposes because the district court never informed him of this right.

But Mendoza's argument ignores a fundamental point of law concerning an alleged *Apprendi* violation. The "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The United States Supreme Court has recognized an exception to the *Apprendi* rule when the defendant admits a fact. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ("Accordingly, we affirm our holding in *Apprendi*: Any fact (other than a prior

6

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Mendoza acknowledged his age to the district court several times, which renders the fact that he was over the age of 18 when he committed his crimes a factual admission that does not come under the protection of *Apprendi*. At the preliminary hearing, Mendoza stipulated he was over the age of 18. In the plea agreement Mendoza admitted he was 40 years old when he signed the agreement, which would have made him 35 or 36 years old when he committed the crimes. A review of the record also reflects that Mendoza provided his age in the written financial affidavit he signed seeking court appointed counsel. Additionally, Mendoza's birthdate appeared on his notice to register as an offender; and the presentence investigation report listed Mendoza's age as 37 when he was charged. Mendoza never objected to or corrected any of these documents.

Mendoza's admission to his age is fatal to his argument. As Mendoza concedes, many panels of this court have dispatched identical challenges to lifetime postrelease supervision based on undisputed evidence in the record of the defendants admitting their adult age. See *State v. Schmeal*, No. 121,221, 2020 WL 3885621, at *8-9 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. 900 (2020); *State v. Haynes*, No, 120,533, 2020 WL 741,458, at *2-3 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. 896 (2020); *State v. Zapata*, No. 120,529, 2020 WL 741486, at *8-9 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. 901 (2020); *State v. Cook*, No. 119,715, 2019 WL 3756188, at *2 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 895 (2020). We find the reasoning in these decisions to be persuasive.

Given Mendoza's repeated admissions throughout the proceedings about his age, this case falls under the exception to the *Apprendi* rule. Based on the nature and timing of

his crimes, the district court did not err in finding that Mendoza is subject to lifetime postrelease supervision under K.S.A. 2015 Supp. 22-3717(d)(1)(G).

Alternatively, even if we had found an *Apprendi* error based on the State's failure to prove Mendoza's age to a jury beyond a reasonable doubt, or to have the State obtain a voluntary waiver from him relinquishing this right, such an error is not structural but subject to harmless error analysis. See *Washington v. Recuenco*, 548 U.S. 212, 222, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) ("Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error."). The Kansas Supreme Court has also recognized that an *Apprendi* error may be subject to harmless error review. *State v. Reyna*, 290 Kan. 666, 681-82, 234 P.3d 761 (2010).

Had the district court committed an *Apprendi* error here, the logical remedy would restore the State and Mendoza to the positions they were in before the error. That remedy would give Mendoza the chance to make an informed decision on waiving or exercising his right to have a jury determine his age for sentencing purposes. On remand for resentencing, even if Mendoza exercised his right to have a jury determine his age for sentencing purposes, the State could no doubt prove Mendoza was 18 years old or older when he committed his crimes without going beyond the evidence already in the record. Mendoza does not claim he was a juvenile when he committed his crimes. The record is void of any conflicting evidence regarding his age and, as has been established, the record is clear he was at least 18 years old when he committed his crimes. Even assuming an *Apprendi*-type error existed based on his age not being submitted to a jury for determination, the State has met its burden of showing beyond a reasonable doubt that any such error was harmless. See *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011) (applying constitutional harmless error standard to trial error).

Affirmed.